**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| VICTOR E. MOORE, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> TROY STEELE, ) <br> ) <br> Respondent. ) | Case No. 4:11CV 112 LMB |

**MEMORANDUM AND ORDER**

This matter is before the court on the petition of Victor E. Moore for a writ of habeas corpus under 28 U.S.C. § 2254. Presently pending is petitioner's request for issuance of twelve subpoenas. (Document Number 16). For the reasons stated herein, petitioner's motion will be denied.

In his motion, petitioner requests that the court issue twelve subpoenas so that he may "file them against several state, local and federal agencies," for the purpose of obtaining "important documents needed to support [his] claims in this matter." (Doc. No. 16).

A petitioner seeking relief under habeas corpus, unlike a normal civil litigant in federal court, is not entitled to discovery as a matter of course, and the "'broad discovery provisions' of the Federal Rules of Civil Procedure [do] not apply in habeas proceedings." Bracy v. Gramley, 520 U.S. 899, 904, 117 S. Ct. 1793, 1796-1797, 138 L.Ed.2d 97 (1997). Rather, discovery in habeas corpus cases is governed by Rule 6 (a) of Rules Governing Section 2254 proceedings in the United States District Courts, which states:

- 1 -

> **(a) Leave of Court Required.** A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery. If necessary for effective discovery, the judge must appoint an attorney for a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A.

Rule 6 (a), Rules Governing Section 2254 Cases in the United States District Courts (2011). Whether to allow discovery in habeas proceedings in a particular case is in the sound discretion of the district court. See Barron v. Keohane, 216 F.3d 692, 693 (8th Cir. 2001). In order to be entitled to discovery of documents, a habeas petitioner must establish a use or need for such documents. See Byrd v. Armontrout, 686 F. Supp. 743, 785 (E.D. Mo. 1988).

Petitioner has not shown good cause for the issuance of subpoenas. Petitioner does not indicate what documents he seeks, who possesses the documents, or why these documents are necessary to the resolution of his petition.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's request (Doc. No. 16) be and it is **denied without prejudice**.

Dated this __27th__ day of May, 2011.

_____
LEWIS M. BLANTON
UNITED STATES MAGISTRATE JUDGE